IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM WILKERSON,

        Petitioner,

v.

        Case No. 26-CV-00377-SPM

JEREMIAH BROWN,
Warden, Lawrence
Correctional Center,

        Respondent.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner William Wilkerson is an inmate presently housed at Lawrence Correctional Center in Lawrence County, Illinois. Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (*See* Doc. 1). This Petition is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### FACTUAL AND PROCEDURAL BACKGROUND

After a jury trial, Petitioner Wilkerson was convicted of attempted first degree murder in the Circuit Court for Alexander County in Cairo, Illinois on October 28, 2014. *People v. Wilkerson*, No. 2013-CF-75 (Ill. Cir. Ct. 2014). On November 23, 2013, he was sentenced to thirty-seven years in prison and three years of mandatory supervised release. *Id.* The Illinois Appellate Court affirmed his conviction on November 30, 2020. *People v. Wilkerson*, No. 5-16-0020 (Ill. App. Ct. 2020). Wilkerson later filed a post-conviction petition in the Circuit Court for the First Judicial Circuit

in Alexander County; his petition was dismissed on August 16, 2023. (*See* Doc. 1, p. 3). The Illinois Appellate Court affirmed the denial of his petition on May 20, 2025, and the Illinois Supreme Court denied leave to appeal on September 24, 2025. *See People v. Wilkerson*, No. 5-23-0634 (Ill. App. Ct. 2025); (Doc. 1, pp. 2–3). Wilkerson filed the instant Petition on March 30, 2026. (Doc. 1).

## ANALYSIS

The Supreme Court has established that habeas petitions are appropriate only where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Additionally, "the Supreme Court has long held that a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation." *Pinkney v. U.S. Dep't of Just.*, No. 07-CV-106, 2009 WL 277551 *2 (N.D.W. Va. Feb. 5, 2009).

Furthermore, "a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief." 28 U.S.C. § 2254(b)(1); *see also Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (S.D. Ill. April 15, 2016) (citing *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997)). Moreover, a state petitioner can challenge his confinement under § 2254 *only* after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill. Nov. 26, 2019). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those

claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The failure to exhaust is a procedural bar that may be excused only if a habeas petitioner can "show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001). Under this test, "cause" must be something "external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also McAtee*, 250 F.3d at 509 ("For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that "some interference by officials" . . . made compliance impracticable, would constitute cause under this standard.'" (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))). The Seventh Circuit has held that "a state-law remedy can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." *Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023) (citing *Carter v. Buesgen*, 10 F.4th 715, 723–24 (7th Cir. 2021); *Lane v. Richards*, 957 F.2d 363, 364–66 (7th Cir. 1992)).

In his Petition, Wilkerson raises three grounds: the first two allege that the trial court erred in disqualifying a black juror in violation of Fourteenth Amendment Equal Protection Clause in line with *Batson v. Kentucky*, 476 U.S. 79 (1986), and the third ground alleges that Wilkerson's appellate counsel[1] was ineffective for failing to

---

[1] Wilkerson notes that Darrell Dunham, his present counsel, also represented him prior to and during his 2015 trial, but that Attorney Dunham withdrew because Wilkerson raised ineffective assistance of counsel as one of his grounds for a new trial. An attorney from the Fifth District Appellate Defender's Office represented Wilkerson during his appeals. (Doc. 1, p. 16). Dunham began representing Wilkerson again on August 3, 2021, and filed his post-conviction petition and related appeals. (*Id.*).

challenge the prosecution's request to strike this same black juror. (Doc. 1, p. 4). Wilkerson thus raises two distinct issues: whether the striking of a black juror at his trial violated his rights pursuant to the Fourteenth Amendment and whether his appellate counsel was constitutionally ineffective for failure to raise this alleged *Batson* issue on appeal.

Therefore, without commenting on the merits of his claims, the Court concludes that Wilkerson's Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Wilkerson is not entitled to habeas relief.

### DISPOSITION

**IT IS HEREBY ORDERED** that Respondent Jeremiah Brown shall answer or otherwise plead on or before August 17, 2026. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 115 S. LaSalle St. Chicago, Illinois 60603, shall constitute sufficient service.

Wilkerson is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs in accordance with Local Rule 3.1(b)(2). Failure to provide such notice may result in dismissal of this case or other sanctions. *See id.*; FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:   June 17, 2026

STEPHEN P. McGLYNN
U.S. District Judge